IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES PATRICK BRENNAN | § | |
| AND MARY BRENNAN, | § | |
| INDIVIDUALLY AND AS HEIRS | § | |
| AT LAW OF THE ESTATE OF | § | |
| COLBY PATRICK BRENNAN, | § | CA NO. 4:16-CV-03488 |
| DECEASED | § | |
| | § | |
| VS. | § | |
| | § | |
| POWDER CITY, LLC | § | |

## POWDER CITY, LLC'S ANSWER TO
## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Powder City, LLC ("Defendant" or "POWDER CITY") hereby files its Original Answer and Affirmative Defenses to the Original Complaint filed by Plaintiffs Charles Patrick Brennan and Mary Brennan, individually and as heirs at law to the estate of Colby Patrick Brennan, deceased ("Plaintiffs") and would show as follows:

## I.

## ORIGINAL ANSWER

1.  Responding to Paragraph 1, POWDER CITY lacks sufficient information to admit or deny that Charles and Mary Brennan are residents of Harris County, Texas or that that they are the heirs of their late son, Colby Patrick Brennan. Defendant denies the remainder of Paragraph 1 and specifically denies that it committed any wrongful act or omission.

2.  Responding to Paragraph 2, POWDER CITY admits that it is a corporation with its home office at 160 Hartman Street, York, Pennsylvania. POWDER CITY admits that it sells products to residents of Texas. The remainder of Paragraph 2 is denied.

3. Responding to Paragraph 3, POWDER CITY admits that the parties are diverse under 28 U.S.C. § 1332. The remainder of Paragraph 3 is denied.

4. Responding to Paragraph 4, POWDER CITY denies that it maintains substantial contacts within the State of Texas. Defendant denies that it has a sufficient internet presence in Texas to subject itself to this Courts general or specific jurisdiction. Defendant admits that it has a website [www.powdercity.com](www.powdercity.com). The remainder of the allegations in Paragaph 4 are denied.

5 Responding to Paragraph 5, Defendant admits that venue is proper in the Southern District of Texas.

6. Responding to Paragraph 6, POWDER CITY denies that it failed to provide necessary information to Colby Brennan regarding the risk of injury or death in exceeding the safe dosage of the drug. Defendant denies that it sold a product with no warnings or inadequate instructions regarding safe usage, safe dosage, risk of abuse/overuse, risks of the drug, potential toxic risk/effect of the drug, potential side effects, potential risk and/or complicating factors which Colby Brennan would have relied on. Defendant denies that it sold a drug with no warnings or instructions the potential risk of abuse/overuse, the effect/potential effect of a consumer's/user's pre-existing conditions. POWDER CITY denies that Tianeptine is a "narcotic." Defendant denies the remaining allegations in Paragraph 6.

7. Responding to Paragraph 7, POWDER CITY lacks sufficient information to admit or deny the practice or laws of other countries regarding the drug. Defendant denies that there is growing evidence in regard to the tendencies for overuse/abuse The remainder of Paragraph 7 is denied.

8. Responding to Paragraph 8, POWDER CITY admits in 2015, it sold Tianteptine as a supplement and that it did not require a prescription.

2305828v.1

9. Responding to Paragraph 9, POWDER CITY admits that it discontinued marketing and selling Tianeptine in 2015. The remaining allegations of paragraph 9 are denied.

10. Responding to Paragraph 10, POWDER CITY does not have sufficient information to be able to admit or deny the allegations.

11. Responding to the allegations of Paragraph 11, Defendant incorporates its denials and allegations as set forth above.

12. Responding to the allegations of paragraph 12, Defendant admits it sold Tianeptine to consumers, but denies that it is unreasonably dangerous. Defendant denies that the warnings and instructions on the product were a producing cause of his death.

13. Responding to the allegations of paragraph 13, Defendant denies that it failed to provide necessary information to Colby Brennan regarding the safe usage of the drug. Defendant denies that it sold a product with no warnings or inadequate instructions regard safe usage, safe dosage, risk of abuse/overuse, risks of the drug, potential toxic risk/effect of the drug, potential side effects, potential risk and/or complicating factors which Colby Brennan would have relied on. Defendant denies that it sold a drug with no warnings or instructions of the potential risk of abuse/overuse or the effect/potential effect of a consumer's/user's pre-existing conditions. POWDER CITY denies it knew or should have known of any dangers and risks in the drug as marketed.

14. Responding to the allegations of Paragraph 14, Defendant denies that the drug is unreasonably dangerous, and denies that the risks of exceeding the safe dosage were beyond the common knowledge of the ordinary user/consumer.

15. Responding to the allegations of paragraph 15, Defendant denies that it is liable under the

Restatement (Second) of Torts Section 401 and denies that the product is dangerous. Defendant denies that it had a duty to protect consumers of the risk of taking substantially more medication than the amount indicated.

16. Responding to the allegations of Paragraph 16, Defendant denies the drug was unreasonably danagerous, denies that its conduct was a producing cause of Decedent's death, and denies that it is liable based on Restatement(Second) of Torts Sections 401 and 402.

17. Responding to the allegations of Paragraph 17, Defendant admits that it sold Tianeptine to consumers. Defendant denies that it owed Decedent any duty to warn of the risks of subtantially exceeding the amount indicated on the label. Defendant denies that it sold a product with no warnings or inadequate instructions regard safe usage, safe dosage, risk of abuse/overuse, risks of the drug, potential toxic risk/effect of the drug, potential side effects, potential risk and/or complicating factors which Colby Brennan would have relied on. Defendant denies that it sold a drug with no warnings or instructions of the potential risk of abuse/overuse, or the effect/potential effect of a consumer's/user's pre-existing conditions. Defendant denies that it knew or should have known that Tianeptine was dangerous, had serious side effects, had a propensity torward users' abuse/overuse, could be toxic. Defendant denies that any conduct of the Defendant was a proximate cause of Decedent's death.

18. Regarding the allegations in Paragraph 18, Defendant denies that any of the alleged damages to Colby Brennan were caused by foreseeable uses of the product or by the conduct of the Defendant.

19. Regarding the allegations in Paragraph 19 of the Complaint, Defendant denies that any of the alleged damages to Colby Brennan were caused by foreseeable uses of the product or by the conduct of the Defendant.

20. Regarding the allegations in Paragraph 20 of the Complaint, Defendant denies that any of the alleged damages were caused by foreseeable uses of the product or by the conduct of the Defendant, and therefore denies that Plaintiff is entitled to court costs or interest.

21. Regarding the allegations in the last paragraph of the Complaint, Defendant denies that any of the alleged damages to Plaintiffs or Colby Brennan were caused by foreseeable uses of the product or by the conduct of the Defendant.

## AFFIRMATIVE DEFENSES

22. In the alternative, Plaintiffs' alleged injuries and damages are the sole and proximate consequence of Plaintiffs' and Colby Brennan's own acts and omissions. Further, Plaintiffs and Colby Brennan failed to observe and use ordinary care and caution for their own safety, at the time and place of the alleged injuries.

23. Defendant would show that damages incurred by Plaintiffs and the death of Colby Brennan, if any, occurred as a result of several events, including, but not limited to, pre-existing medical conditions, lifestyles, acts of God, or inherent genetic factors affecting the Plaintiff which are completely unrelated to any acts or omissions on the part of Defendant.

24. Defendant would show that it is entitled to reduction in the amount for which it may ultimately be held liable to Plaintiff, any co-defendant, any settling party, and any designated responsible third party, if any, to the full extent of any and all of those parties released herein, commensurate with the responsibility under the laws of indemnity, comparative negligence, and/or contribution as required by Sections 32 and 33 of the Texas Civil Practice & Remedies Code.

2305828v.1

25. Pleading in the alternative, Section 41.0105 of the Texas Civil Practice and Remedies Code restricts Plaintiffs' recovery, if any, to only those medical expenses Plaintiffs actually paid or that were incurred by or on his behalf.

26. Pleading in the alternative, the amount of any future medical expenses Plaintiff claims to be entitled to should be limited to the present value of the cost of obtaining health insurance as is required by federal law pursuant to the provisions of the "Affordable Care Act."

27. Pleading in the alternative, Section 18.091 of the Texas Civil Practice and Remedies Code requires Plaintiffs to prove evidence of loss of earnings, loss of earning capacity and any other loss of pecuniary value in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law.

28. Colby Brennan's misuse of the product was not foreseeable to Defendant.

WHEREFORE, PREMISES CONSIDERED, Defendant Powder City, LLC, prays that Plaintiffs take nothing by reason of this suit and that Powder City, LLC, recover its court costs and expenses, and any other relief to which it shows itself entitled.

[*signature block on next page*]

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

*/s/ John Shepperd*
John Shepperd
Texas Bar No. 18236050
John.shepperd@wilsonelser.com
Michael Jacobellis
Texas Bar No. 10515100
Michael.jacobellis@wilsonelser.com
Garett Willig
Texas Bar No. 24066297
Garett.willig@wilsonelser.com
909 Fannin Street, Suite 3300
Houston, Texas 77010
(713) 353-2000  Telephone
(713) 785-7780  Facsimile

**ATTORNEYS FOR POWDER CITY, LLC.**

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the above and foregoing document was forwarded to all attorneys of record in accordance with the Federal Rules of Civil Procedure, on this 30th day of December, 2016.

Steve E. Couch
3050 Post Oak Blvd, Suite 200
Houston, Texas 77056
    *Attorney for Plaintiff*

                              */s/ Michael Jacobellis*
                              Michael Jacobellis